# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON ARMSTEAD, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11107** |
| **SEWAGE AND WATER BOARD, ENTERGY NEW ORLEANS, COX CABLE OF NEW ORLEANS, AND THE CITY OF NEW ORLEANS** | **SECTION: T(5)** |

## ORDER

Before the Court are Motions to Dismiss filed by the City of New Orleans ("City"),[1] Sewage & Water Board of New Orleans ("Board"),[2] and Entergy New Orleans, LLC ("Entergy").[3] Milton Armstead, III ("Plaintiff") has filed an opposition.[4] For the following reasons, the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)[5] is **DENIED**. The Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[6] are **GRANTED.**

## BACKGROUND

On June 10, 2019, Plaintiff filed this *pro se* civil action alleging violations of his civil rights pursuant to 42 U.S.C. §1983 and conspiracy pursuant to 42 U.S.C. §1985.[7] Plaintiff also cites 28 U.S.C. § 2201, 28 U.S.C. § 1391, and 28 U.S.C. § 1361.[8] Plaintiff asserts that the City, Board, and Entergy (collectively, "Defendants") have violated his civil rights and conspired to force African American residents out of New Orleans and replace them with wealthier residents "making room for $ people."[9] Plaintiff has filed at least four other complaints in this District seeking relief for

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 17.
[4] R. Doc. 18.
[5] R. Doc. 13.
[6] R. Docs. 12, 13, 17.
[7] R. Doc. 1, ¶1.
[8] R. Doc. 1, ¶1.
[9] R. Doc. 1, ¶¶5-8.

1

alleged damages from discrimination against the State of Louisiana, the City, its agencies, and several companies.[10]

The Board has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[11] The City has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[12] Entergy has filed a Motion to Dismiss adopting the motions filed by the Board and the City.[13]

## LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.[14] When presented with other Rule 12 motions, jurisdictional challenges should be resolved first.[15] The Board asserts that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff's claims are "wholly insubstantial and frivolous."[16] The Board contends that Plaintiff's "frustration with the cost of water does not warrant a federal suit."[17] Affording the Plaintiff the liberal construction due *pro se* pleadings,[18] it appears to the Court that he attempts to bring an action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[19] This is sufficient to grant the Court subject matter jurisdiction in this case.[20]

---

[10] *See* 2:11-cv-00132, *Armstead v. AT&T Louisiana*; 2:11-cv-00437, *Armstead v. Entergy New Orleans*; 2:12-cv-00600, *Armstead v. City of New Orleans et al.*; 2:16-cv-13629, *Armstead v. New Orleans City et al.*
[11] R. Doc. 13.
[12] R. Doc. 12.
[13] R. Doc. 17.
[14] Fed. R. Civ. P. 12(b)(1).
[15] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).
[16] R. Doc. 13, p.3 (*citing Bell v. Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946)).
[17] R. Doc. 13, p.3.
[18] *Johnson v. Watkins*, 999 F.2d 99, 100 (5th Cir. 1993).
[19] R. Doc. 1, ¶1.
[20] *See Lucien v. Jones*, No. CV 16-9591, 2016 WL 4942997, at *2 (E.D. La. Sept. 16, 2016); *See also D'Aquin v. Kramer,* No. CIV.A. 15-2524, 2015 WL 5682659, at *2 (E.D. La. Sept. 25, 2015).

### B. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[21] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[22] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[23] The Court need not, however, accept as true legal conclusions couched as factual allegations.[24] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[25] The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."[26]

The City argues that Plaintiff's complaint fails to state a claim to relief, and that Plaintiff's claims are barred by the statute of limitations. The Board asserts that Plaintiff's complaint fails to state a claim for relief because Plaintiff states no facts to support his claim that the Board is raising its rates as part of a grand conspiracy to "run African Americans and other poor people out of town."[27]

#### 1. Prescription under 42 U.S.C. § 1983

Plaintiff brings an action under 42 U.S.C. § 1983 for violations of his civil rights. "To state a claim under § 1983, plaintiffs must allege two elements: first that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law."[28] Plaintiff claims that his rights under the Fourth,

---

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[22] *Iqbal*, 129 S.Ct. at 1949.
[23] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009).
[24] *Iqbal*, 129 S.Ct. at 1940.
[25] Fed. R. Civ. P. 8(a)(2).
[26] *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).
[27] R. Doc. 13-1, p.4.
[28] *Doe v. Rains County Ind. School Dist*, 66 F.3d 1402, 1406 (5th Cir. 1995).

3

Thirteenth, Fourteenth, and Fifteenth Amendments have been violated by Defendants' treatment of African American slaves and their descendants.[29] Plaintiff further claims that Defendants have conspired to force African Americans out of New Orleans by raising the cost of rent, cable, and utilities to make room for wealthier people.[30]

The City asserts that Plaintiff's claim under § 1983 has long prescribed as it relates to treatment of slaves and their descendants. The applicable prescriptive period to § 1983 claims in Louisiana is one year.[31] Plaintiff argues that *contra non valentum* suspended the running of prescription because Defendants ducked and dodged their acts of corruption.[32] However, the doctrine of *contra non valentem* applies only in "exceptional circumstances,"[33] which have not been demonstrated here. To the extent Plaintiff's complaint involves allegations related to the treatment of slaves and their descendants, Plaintiff's claims have prescribed.

2. **Liability under § 42 U.S.C. 1983**

Plaintiff claims that the City is liable for its mistreatment of African Americans and for its failure to properly train its criminal justice system.[34] To bring claims of municipal liability, Plaintiff must allege three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."[35] Plaintiff has not satisfied these requirements. While Plaintiff outlines his perception of the impact certain laws have had on

---

[29] R. Doc. 1, ¶23.
[30] R. Doc. 1.
[31] *Carroll v. Gusman*, No. 06-9031, 2009 WL 2949997, at *3 (E.D. La. Sept. 10, 2009) (*citing Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)). "Because there is no federal statute of limitations for § 1983 claims, the district court looks to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code art. 3492, which provides for a prescriptive period of one year from the date of injury or damage."
[32] R. Doc. 18, p.4.
[33] *Marin v. Exxon Mobil Corp.*, 2007-2371, p. 13 (La. 10/19/10) 48 So. 3d 234, 245.
[34] R. Doc. 1, ¶31.
[35] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

the African American community, he does not allege facts suggesting that this impact is the result of a policy that has been adopted by some policymaker in the City.

### 3. Liability under 42 U.S.C. § 1985

Plaintiff next alleges a conspiracy claim under § 1985. To state a claim under 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.[36] Plaintiff's § 1985 claim is inadequately pled because he fails to disclose any operative facts demonstrating an understanding or agreement between Defendants to interfere with his civil rights.

### 4. Miscellaneous Claims

Finally, Plaintiff's Complaint takes issue with Louisiana's majority jury verdict system,[37] which was recently changed in the Louisiana Constitution.[38] Such a claim is not, however, properly brought against the City of New Orleans.[39] In addition, Plaintiff raises concerns about his wife's right to be protected from illegal evictions for failing to pay the cost of living increase by city officials and its vendors.[40] Plaintiff's wife—and not Plaintiff—is the proper party to seek recovery for such an injury.

## CONCLUSIONS

For the reasons set forth above, Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[41] are **GRANTED.** Plaintiff's § 1983 claims arising out of the

---

[36] *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994).
[37] R. Doc. 1, ¶18.
[38] La. Const. art. I, § 17(A), amendment by Act 722 of the 2018 Regular Session.
[39] *See Ex parte Young*, 209 U.S. 123, 151, 28 S.Ct. 441, 445 (1908).
[40] R. Doc. 1, ¶9.
[41] R. Docs. 12, 13, 17.

treatment of slaves and their descendants are **DISMISSED WITH PREJUDICE**. All other claims against the City of New Orleans, Sewage & Water Board of New Orleans, and Entergy New Orleans, LLC are **DISMISSED WITHOUT PREJUDICE,** and Plaintiff shall amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein and state a claim upon which relief can be granted.

**New Orleans, Louisiana**, on this  28th  day of August, 2019.

*[signature: Greg Gerard Guidry]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**