# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON ARMSTEAD, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11107** |
| **SEWAGE & WATER BOARD, ET AL.** | **SECTION: T** |

## ORDER

Before the Court is a Motion for Preliminary Injunction and/or Temporary Restraining Order[1] filed by Milton Armstead, III ("Plaintiff"). The defendants have not filed a response, though some have filed various motions to dismiss, which were either denied or granted.[2] For the following reasons, Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order is **DENIED.**

## BACKGROUND

On June 10, 2019, Plaintiff filed this *pro se* civil action alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and conspiracy pursuant to 42 U.S.C. § 1985.[3] Plaintiff also cites 28 U.S.C. § 2201, 28 U.S.C. § 1391, and 28 U.S.C. § 1361.[4] Plaintiff asserts the City of New Orleans, the Sewage & Water Board of New Orleans, and Entergy New Orleans, L.L.C. (collectively, "Defendants") have violated his civil rights and conspired to force African American residents out of New Orleans and replace them with wealthier residents "making room for $ people."[5] Plaintiff

---

[1] R. Doc. 7.
[2] R. Doc. 21.
[3] R. Doc. 1.
[4] R. Doc. 1.
[5] R. Doc. 1.

has filed at least four other complaints in this District seeking relief for alleged damages from discrimination against the State of Louisiana, the City of New Orleans, its agencies, and several companies.[6]

This Court denied the Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, but it granted Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7]

On July 16, 2019, Plaintiff filed his motion for preliminary injunction and/or temporary restraining order. In his pleading, Plaintiff contends *inter alia* that his landlord, "3501 Saint Claude Avenue Apartment, a/k/a 'Oak Street'" has raised his rent but has not maintained the premises, and that said landlord has discriminated against African Americans with the intent of driving poor people from the City of New Orleans "to make room for $ people."[8] Plaintiff concedes that his landlord would have been included as a party in his original complaint, but he chose not to name that entity because he "preferred not to then run the risk of eviction…."[9]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 65 governs requests for preliminary injunctions. The law is well settled that issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."[10] An injunction is to be the exception, not the rule.[11] In order for Plaintiff to obtain a preliminary

---

[6] R. Doc. 21, p 2 n. 10.
[7] R. Doc. 21.
[8] R. Doc. 7.
[9] R. Doc. 7.
[10] *White v. Carlucci,* 862 F.2d 1209, 1211 (5th Cir.1989).
[11] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.1985).

injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest.[12] Irreparable injury is harm that "cannot be undone through monetary damages."[13]

Having considered Plaintiff's pleading, the Court finds Plaintiff is not entitled to the injunctive relief he seeks. First, the Court finds that Plaintiff's Request for Preliminary Injunction and/or Temporary Restraining Order[14] can be disposed of without an evidentiary hearing. Second, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits. He cites no authority that would suggest he will ultimately prevail on his claims. Third, the Court finds that Plaintiff has not demonstrated a substantial threat of irreparable injury if the injunction is not granted. The only injury Plaintiff appears to allege is that he may suffer monetary harm. Specifically, Plaintiff contends his rent has increased or may increase, and that he has been, or will be, unable to save money with which to buy a home. Because there is "no irreparable injury where money damages would adequately compensate a plaintiff,"[21] Plaintiff's actual or potential monetary loss is insufficient to show a substantial threat of irreparable injury. Because Plaintiff does not specify any injury he may suffer other than monetary harm, he has failed to meet his burden of showing a substantial threat of irreparable injury.

---

[12] *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir.1981).
[13] *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir.1981); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.,* 878 F.2d 806, 810 fn. 1 (5th Cir.1989).
[14] R. Doc. 7.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order[15] is **DENIED**.

**New Orleans, Louisiana**, on this 18th day of October, 2019.

_____
**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 7.

[22] R. Doc. 7.