## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MILTON ARMSTEAD, III                                    CIVIL ACTION

VERSUS                                                  NO: 19-11107

SEWAGE AND WATER BOARD,                                 SECTION: T(5)
ENTERGY NEW ORLEANS, COX
CABLE OF NEW ORLEANS, AND THE
CITY OF NEW ORLEANS.

## ORDER

Before the Court are multiple motions. Entergy New Orleans, LLC ("Entergy") filed a Motion to Dismiss against Milton Armstead, III ("Plaintiff").[1] Sewage & Water Board of New Orleans ("Board") filed a Motion to Dismiss against Plaintiff.[2] Plaintiff has filed an opposition.[3] Within his opposition, Plaintiff filed for a default judgment against Cox Cable of New Orleans ("Cox") and for summary judgment against all Defendants.[4] For the following reasons, Plaintiff's Motion for Default Judgment and Summary Judgment[5] is **DENIED**. Defendants' Motions to Dismiss[6] are **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2019, Plaintiff filed this *pro se* civil action alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and conspiracy pursuant to 42 U.S.C. § 1985.[7] On August 28, 2019, this Court dismissed with prejudice Plaintiff's § 1983 claims arising out of treatment of slaves and

---

[1] R. Doc. 29.
[2] R. Doc. 30.
[3] R. Doc. 33.
[4] *Id.*
[5] *Id.*
[6] R. Doc. 29; R. Doc. 30.
[7] R. Doc. 1.

their descendants.[8] This Court dismissed without prejudice all other claims.[9] On September 16, 2019, with leave of Court, Plaintiff filed an amended complaint.[10] On September 20, 2019, Plaintiff filed the first of two supplements to his amended complaint.[11] Additionally, on October 1, 2019, Plaintiff filed the second supplement to his amended complaint.[12]

In his amended complaint, Plaintiff alleges conspiracy pursuant to 42 U.S.C. § 1985.[13] Plaintiff asserts that the Board, Entergy, Cox, and the City of New Orleans ("City") (collectively, "Defendants") conspired to force African American residents out of New Orleans.[14] Plaintiff has filed at least four other complaints in this District seeking relief for alleged damages from discrimination against the State of Louisiana, the City, its agencies, and several companies.[15]

Entergy has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).[16] Additionally, the Board has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).[17] Plaintiff has filed an opposition to both motions to dismiss.[18] In his opposition, Plaintiff filed a motion for summary judgment and default judgment pursuant to Federal Rules of Civil Procedure 55.[19]

---

[8] R. Doc. 21.
[9] *Id.*
[10] R. Doc. 22; R. Doc. 28.
[11] R. Doc. 23.
[12] R. Doc. 24.
[13] R. Doc. 22, pp.1, 8-9.
[14] R. Doc. 22, pp.21-22.
[15] *See* 2:11-cv-00132, *Armstead v. AT&T Louisiana*; 2:11-cv-00437, *Armstead v. Entergy New Orleans*; 2:12-cv-00600, *Armstead v. City of New Orleans et al.*; 2:16-cv-13629, *Armstead v. New Orleans City et al.*
[16] R. Doc. 29.
[17] R. Doc. 30.
[18] R. Doc. 33.
[19] *Id.*

## LAW AND ANALYSIS

### A. DEFAULT JUDGMENT

The Fifth Circuit has outlined a three-step process to obtain a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure: (1) a defendant's default; (2) the clerk's entry of default; and (3) a plaintiff's application for a default judgment.[20] The service of a summons triggers a duty to respond to a complaint and a failure to respond may result in the entry of default or default judgment under Rule 55.[21] Accordingly, when a party establishes by affidavit or some other method that there has been a default, the Clerk of Court will enter the default.[22] Thereafter, the court may, upon motion by a plaintiff, enter a default judgment against that party.[23]

Default judgments are usually disfavored,[24] and are considered a drastic remedy that should only be available "when the adversary process has been halted because of an essentially unresponsive party."[25] In determining whether a default judgment should be entered, the Fifth Circuit has developed a two-part test. First, the court must determine whether the entry of default judgment is appropriate under the circumstances.[26] Factors relevant to this determination include: (1) whether there are material issues of fact at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by a defendant.[27] Second, the court must assess the merits of a plaintiff's claims and find a viable claim

[20] *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).
[21] *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937–39 (5th Cir. 1999).
[22] Fed. R. Civ. P. 55.
[23] *Id.*
[24] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[25] *Sun Bank of Ocala*, 874 F.2d at 276 (*quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).
[26] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[27] *Id.*

for relief.[28] "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true."[29] Further, a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[30]

Plaintiff asks the Court to enter a default judgment against Cox and 3501 Saint Claude Avenue NOAMM ("NOAMM") pursuant to FRCP 55(b)(2).[31] First, Plaintiff erroneously seeks relief from NOAMM. In his amended complaint, Plaintiff does not name NOAMM as a party to this lawsuit.[32] Further, pursuant to his amended complaint, Plaintiff did not serve NOAMM.[33] Second, Plaintiff has not obtained or sought an entry of default from the clerk of court required under FRCP 55(a). Additionally, examining Plaintiff's amended complaint and submissions, the Court finds that Plaintiff did not plead sufficient facts in his amended complaint, and Plaintiff's claims lack merit. Accordingly, the Court finds that Plaintiff is not entitled to default judgment.

## B. SUMMARY JUDGMENT

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[34] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[35] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to

---

[28] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[29] *Id.* (citing *Thomson v. Wooster*, 1884, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105).
[30] *Id.*
[31] R. Doc. 33, pp.8-9.
[32] R. Doc. 22, pp.1, 25.
[33] *See* R. Doc. 22, p.25.
[34] Fed. R. Civ. P. 56(a).
[35] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

either support or defeat a motion for summary judgment."[36] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[37] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[38]

§ 1985 prohibits (1) preventing an officer from performing his or her duties; (2) obstructing justice and intimidating a party, witness, or juror; and (3) depriving persons of rights or privileges.[39] Examining his amended complaint, the Court will assume Plaintiff brings his claim pursuant to § 1985(3). To prevail on a § 1985(3) claim, a plaintiff must provide sufficient evidence establishing that the defendants "conspired or otherwise agreed to deprive him of his rights."[40] Additionally, the plaintiff must establish that the conspiracy was motivated either by racial or another impermissible class-based animus.[41]

Here, Plaintiff has failed to meet his burden. In arguing his entitlement to summary judgment, Plaintiff points to fluctuations in the amount owed to Entergy and Cox.[42] These undisputed bills do not entitle Plaintiff to judgment as a matter of law. The fluctuations in the amount owed do not establish that Defendants conspired or agreed to deprive Plaintiff of his rights. Even assuming Plaintiff established a conspiracy, the undisputed facts do not show a racial or impermissible class-based animus motivation. Therefore, the Court determines that Plaintiff is not entitled to judgment as a matter of law.

---

[36] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[37] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[38] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[39] 42 U.S.C. § 1985.
[40] *Jackson v. Biedenharn*, 429 F. App'x. 369, 372 (5th Cir. 2011) (citing *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979)).
[41] *See Anderson v. City of Dallas*, 116 F. App'x 19, 32 (5th Cir. 2004); *Stringer v. McDaniels*, 64 F. App'x 416 (5th Cir. 2003).
[42] R. Doc. 33, pp.9-10.

## C. MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[43] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[44] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[45] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[46] and the documents attached to the complaint.[47] Therefore, the Court determines that Plaintiff is not entitled to judgment as a matter of law.

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[48] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[49] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[50] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[51]

Entergy argues that Plaintiff's amended complaint neither contains factual allegations nor states a cause of action, but simply contains the dates and amounts of bills from Entergy to Plaintiff

---

[43] Fed. R. Civ. P. 12(b)(6).

[44] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[46] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

[47] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[48] *Iqbal*, 556 U.S. at 678.

[49] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).

[50] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

[51] *Twombly*, 550 U.S. at 555.

for utility service.[52] The Board asserts that Plaintiff in his amended complaint fails to state a claim for relief because Plaintiff states no sufficient facts to establish a conspiracy pursuant to 42 U.S.C. § 1985.[53]

### Liability Under 42 U.S.C. § 1985

Plaintiff alleges a conspiracy under § 1985. To state a claim under 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.[54] The Court determines that Plaintiff has failed to meet his burden. Regarding a conspiracy, Plaintiff merely recites legal conclusions; Plaintiff does not provide any operative facts that demonstrate an understanding or agreement between Defendants to interfere with his civil rights. Accordingly, the Court determines that Plaintiff's § 1985 claim against all defendants must be dismissed.

### CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff is not entitled to default judgment or summary judgment as a matter of law, and thus Plaintiff's Motion for Default Judgment and Summary Judgment[55] is **DENIED**. The Court further finds that Plaintiff has failed to state a claim in his Amended Complaint upon which relief can be granted as to his § 1985 claim, in that Plaintiff did not set forth sufficient facts to establish an understanding or agreement between Defendants. Accordingly,

---

[52] R. Doc. 29-1, pp.1-2.
[53] R. Doc. 30-1, pp.2-4.
[54] *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).
[55] R. Doc. 33.

**IT IS ORDERED** that Defendants' Motions to Dismiss the Amended Complaint[56] are

**GRANTED**, and all claims of the Plaintiff against all Defendants are DISMISSED WITH

PREJUDICE.


New Orleans, Louisiana, on this 28th day of September, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[56] R. Doc. 11.